FILED Rec'd
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN DEPIETRO

                  Plaintiff,

— against —

THE CITY OF NEW YORK, ET. AL.,

                  Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-cv-932 (SLT) (JMA)

**TOWNES, United States District Judge:**

The current action arises from various damages sustained by John DePietro ("Plaintiff") as a result of injury to his property, including the wrongful demolition of several structures on his property in December of 2007. Plaintiff, proceeding *pro se*, has alleged both federal and state law claims, seeking to hold liable for these damages A. Russo Wrecking, Inc. ("Russo Wrecking"), the New York City School Construction Authority (the "SCA"), Assemblyman Louis Tobacco, and the City Defendants[1] (together "Defendants"). Defendants have filed a joint motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 41(b), asserting that Plaintiff's failure to comply with court orders constitutes a failure to prosecute. For the reasons that follow, the court grants Defendants' motion.

I. BACKGROUND RELEVANT TO THE INSTANT MOTION

The following facts are derived from Defendants' motion and the record before the court and are not disputed by Plaintiff.

Plaintiff filed his initial complaint on March 5, 2009. On February 18, 2010, Plaintiff filed an amended complaint. Russo Wrecking, the SCA, Tobacco, and the City Defendants each filed a separate answer to that complaint. An initial conference was held before Magistrate Judge Joan M. Azrack on November 4, 2010 after which the court issued a scheduling order for discovery directing that the parties serve their Rule 26 initial disclosures by December 20, 2010,

---

[1] The "City Defendants" refers, collectively, to the City of New York, Vito Mustaciuolo, Ira Gluckman, William Deluca, Robert Ruvolo, Stephen Coyle, Albert Girimonte, Richard Gutch, Lieutenant Falcone, Jeffrey Walter, Tracy Lavelle, and Eugene McArdle.

their additional discovery demands by January 18, 2011, their responses to those demands by February 28, 2011, and their privilege logs and settlement letters by March 18, 2011 in contemplation of a settlement conference set for March 24, 2011. In accordance with that order, Defendants made their initial disclosures and served their discovery demands on Plaintiff.

Despite Defendants' compliance with the court's order, Plaintiff served Defendants deficient Rule 26 disclosures. On March 24, 2011, at the settlement conference, the court ordered Plaintiff, then represented by counsel, to produce the overdue Rule 26 disclosures as well as responses to interrogatories and documents by March 31, 2011. The court also apparently discussed Plaintiff's counsel's potential withdrawal from the case and ordered that a motion to that effect be filed by March 31, 2011. (Document No. 106.) On March 31, 2011, Plaintiff's counsel requested permission to withdraw from the case "for three reasons: (1) nonpayment of fees, (2) lack of cooperation, and (3) breakdown in communications." (Document No. 107.) On July 14, 2011, the court granted Plaintiff's counsel's request to withdraw and directed that Plaintiff's new counsel appear by the next status conference, scheduled for September 14, 2011. The court warned Plaintiff that his failure to appear would result in a recommendation that his case be dismissed for failure to prosecute. (Document No. 109.) On September 14, 2011, Plaintiff appeared, *pro se*, and Defendants appeared telephonically. The court ordered Defendants to re-serve their discovery requests on Plaintiff by September 23, 2011 and ordered Plaintiff to respond by October 21, 2011. On October 25, four days after the deadline passed, Plaintiff requested additional time to comply with the court's order. (Document No. 112.) The court granted that request and directed Plaintiff to serve his complete discovery responses by November 14, 2011. (Dkt. Entry at 10/26/2011.) Prior to the November 14 deadline, Plaintiff served separate discovery responses on Russo Wrecking, Tobacco, and the City Defendants that only partially responded to the discovery demands of Russo Wrecking and the City Defendants. (Defendants' Motion to Dismiss ("Defs.

2

MTD") at 2.) Plaintiff did not respond to SCA's demands at all and had not responded at the time Defendants filed their motion to dismiss. (Id. at 3.)

On November 14, 2011, the court held a status conference that all parties attended. Plaintiff was again directed to provide Defendants with detailed responses to interrogatories and document requests, as well as information relating to his medical/emotional claims. At this time, Plaintiff claimed that he had some documents in his car and left during the conference to retrieve them, but returned empty-handed because he discovered that his car had been towed. (Defs. MTD at 3.) On January 25, 2012, the court held a telephone conference, but, due to Plaintiff's failure to timely appear, the court adjourned the conference until a later date.

On February 23, 2012, the court held a status conference at which all parties appeared. At that conference, the court directed Plaintiff to serve on Defendants, by February 28, 2012, various documents that had been previously requested. (Document No. 118.) The court noted that "[i]n light of plaintiff's failure to timely produce the [identified] materials following previous conferences with the Court, [his] failure to produce said materials by February 28, 2012, will result in my recommendation to Judge Townes that [his] case be dismissed for failure to prosecute." (Id.) The court also scheduled dates for Plaintiff's deposition and the deposition of his daughter. (Id.) Finally, the court ordered Defendants to file a request for a pre-motion conference with Judge Townes by May 5, 2012. (Id.)

Despite the court's warning, Plaintiff failed to comply with the court's order. Instead, on March 5, 2012, nearly one week after the February 28, 2012 deadline passed, Plaintiff requested additional time to furnish the documents the court ordered produced. Defendants acknowledge in their motion that on March 5, Plaintiff did partially comply with the court's February 23, 2012 order by producing one of the documents ordered produced by the court. (Defs. MTD at 3.) Nonetheless, on March 15, 2012, the court denied Plaintiff's request for additional time, noting Plaintiff's "protracted failure to sufficiently respond to defendants' discovery requests despite the numerous and concerted efforts of the Court to help him do so."

3

(Dkt. Entry at 3/15/2012.) The court additionally noted that Defendants "are hereby permitted leave to file a motion to dismiss plaintiff's complaint for failure to prosecute" and ordered Defendants "to coordinate the filing of a single motion in which all defendants are permitted to join." (Id.) The instant motion followed.

## II. DISCUSSION

Under Rule 41(b), a court may dismiss a complaint "for failure of the plaintiff to prosecute or to comply with . . . any order of court." FED. R. CIV. P. 41(b). Proper dismissal under Rule 41(b) requires consideration of the following five factors: (1) the duration of noncompliance; (2) whether the noncompliant party was on notice that failure to obey an order could result in dismissal; (3) whether the opposing party would be prejudiced by further delay; (4) balancing the court's interest in managing its docket against the noncompliant party's interest in having an opportunity to be heard; and (5) whether less drastic sanctions are more appropriate. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). No single factor alone is dispositive. *See Nita v. Connecticut Dep't of Env. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). The court considers each factor in turn.

### A. Duration of Noncompliance

"In applying the first factor – duration – the court must consider (1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Samman v. Conyers*, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (citing *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998)). The court finds both elements here. As is clear from the record, Plaintiff has done nothing to advance the discovery process, but rather has been solely responsible for delay. As described, from the initial February 18, 2010 conference, Plaintiff disobeyed the court's orders and consistently refused to serve the required discovery on Defendants, despite that Plaintiff was represented by counsel for part of that time. Moreover, the court finds that Plaintiff's failures have existed for a "significant duration," given that his noncompliance with the court's discovery orders spans more than a two year period from the

4

date Plaintiff filed his amended complaint to the date of Defendants' current motion to dismiss. See Samman, 231 F.R.D. at 165 (dismissal proper, in part, because plaintiff's failures existed for "a significant duration, as the amended complaint was filed in this case more than two years ago").

B. Notice of Dismissal

The court further finds that Plaintiff received adequate notice that his failure to obey the court's orders could result in dismissal. Magistrate Judge Azrack apprised Plaintiff on at least two occasions that failure to prosecute his action would result in dismissal. In its July 14, 2011 order, following the withdrawal of Plaintiff's counsel and given Plaintiff's prior noncompliance with court orders, the court indicated that Plaintiff's new counsel must appear by the next scheduled status conference or else it would "recommend to Judge Townes that the case be dismissed for failure to prosecute." (Document No. 109.) Moreover, at the February 23, 2012 status conference, Plaintiff, who at this point was proceeding *pro se*, was ordered to produce: (1) copies of the television newscast documenting the alleged trespass to Plaintiff's property by Defendants; (2) copies of the photograph of Plaintiff's property taken prior to the alleged trespass and damage to said property by Defendants; and (3) an itemized list and description of Plaintiff's property alleged to have been converted and/or destroyed by Defendants. Plaintiff was warned that "[i]n light of [his] failure to timely produce the above materials following previous conferences with the Court, plaintiff's failure to produce said materials by February 28, 2012, will result in [a] recommendation to Judge Townes that plaintiff's case be dismissed for failure to prosecute." (Document No. 118.) Plaintiff failed to fully comply with this order, although Defendants acknowledge that six days after the court's deadline passed, Plaintiff served on them one of the three documents ordered produced by the court. In all, Plaintiff failed to comply with five court orders. Given that the court explicitly instructed Plaintiff on the consequence of any failure to comply with its February 23 order, Plaintiff was aware that his noncompliance with the court's orders could result in dismissal of his case for failure to

prosecute.

C. Prejudice to Defendants

As to the third factor, the court notes that "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). Nonetheless, even absent such a presumption the court concludes that Defendants will be prejudiced by any further delay. This case involves damages that occurred in 2007 and complains of conduct that, in some circumstances, dates to the 1990s, including consultations and reviews by various city authorities and the SCA regarding construction plans for the school and the potential environmental impact of such construction on the community. As time passes, it becomes increasingly difficult for Defendants to locate relevant witnesses, whose memories will fade, and relevant documents, that may not be adequately preserved. Moreover, the court notes that Defendants have incurred the costs of attending multiple conferences and otherwise litigating a case that has failed to progress in any meaningful way, because of Plaintiff, who through his noncompliance with the court's discovery orders, has prevented Defendants from effectively preparing their defense. *See Samman*, 231 F.R.D. at 166; *see also Salten v. County of Suffolk*, 2011 WL 5024307, at *6 (E.D.N.Y. Oct. 19, 2011) (finding defendants prejudiced by plaintiff's delay because "the incident at issue . . . occurred . . . close to six years ago" and "[f]urther delay will risk faded memories, loss of evidence, and witness unavailability."). The court finds, therefore, that the third factor further tips the scale in favor of dismissal.

D. The Balance Between Managing the Court's Docket and Plaintiff's Right to be Heard and Consideration of Lesser Sanctions

The court finds that Plaintiff has had an adequate opportunity to be heard, despite the fact that he has taken no substantive steps to move his case forward. Magistrate Judge Azrack issued a series of discovery orders with which Plaintiff continually failed to comply, and has held multiple conferences, one of which Plaintiff failed to attend. Moreover, as of the date

6

Defendants filed their motion to dismiss, Plaintiff had only partially complied with the court's discovery orders and had not responded at all to SCA's discovery requests. Thus, the fourth factor weighs against Plaintiff as well. See *Zinnamon v. Outstanding Bus Co.*, 2009 WL 3048722, at *5 (E.D.N.Y. Sept. 23, 2009) ("The interest of justice is not served by giving plaintiffs unlimited chances to obey the Court's orders"); *Antonio v. Beckford*, 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006) (noting that "Plaintiff's repeated failure to comply with the Court's Orders diminishes her right to have her claim heard by the Court.").

Finally, the court finds that lesser sanctions would be ineffective in motivating Plaintiff to advance this litigation. As described, numerous extensions of discovery deadlines and explicit warnings to Plaintiff that dismissal would result from failure to advance his case have not prompted Plaintiff to adequately comply with the court's orders. Further, as Defendants have suffered not just costs of litigation but also prejudice in their ability to prepare for trial, sanctions would provide an inadequate remedy. See *Samman*, 231 F.R.D. at 166 (concluding that imposing lesser sanctions on plaintiff would be ineffective in light of history of noncompliance with prior orders and warnings that case would be dismissed for his failure to advance his case). In sum, the court finds that the factors all weigh in favor of dismissal.

For his part, Plaintiff does not dispute that he failed to comply with most of the court's orders, only partially complied with one, and has generally failed to advance his case in any meaningful way. Nor does he appear to dispute that, on the record before the court, the five-factor test favors dismissal. Nonetheless, Plaintiff, seeking to avoid that result, states that he mistakenly believed he would be able to proceed without the assistance of an attorney, indicates that he suffers from certain psychological issues that made compliance with the court's orders difficult, if not impossible, and requests additional time to obtain new counsel. Plaintiff's request comes too late. Magistrate Judge Azrack granted Plaintiff's counsel permission to withdraw on July 14, 2011. At that time, the court provided Plaintiff with approximately two months to obtain new counsel. Rather than secure substitute counsel,

7

however, Plaintiff chose to proceed *pro se* at the September 14, 2011 hearing and there is no indication that Plaintiff made any effort to find substitute counsel. Moreover, at no time in the nearly eight months between the September 14 hearing and Defendants' decision to file the instant motion, even as Plaintiff failed to comply with the court's discovery orders and faced admonishment for his conduct, did Plaintiff ever indicate that he was seeking to obtain new counsel or ask the court for additional time to secure substitute counsel.

The court is likewise unpersuaded by Plaintiff's assertion that he needs more time to locate an attorney because he suffers from psychological issues that render him unable to comply with the court's orders. To buttress his argument, Plaintiff provides a letter from Dr. Swarna Mani, the medical director of the health clinic where Plaintiff is undergoing treatment, although it is not clear if Mani diagnosed Plaintiff's condition or at any time personally treated him. In any event, Mani indicates that Plaintiff has been a patient at the clinic since December 6, 2010. Crediting Mani's letter, the court discerns no reason why Plaintiff waited until Defendants filed their motion to dismiss to bring his condition to the court's attention. Indeed, Plaintiff would have been aware of his condition at the September 14, 2011 hearing when he chose to proceed *pro se* rather than obtain new counsel or ask for any additional time to obtain counsel. Mani also states that Plaintiff has received a diagnosis of Major Depressive Disorder, suffers form "depressed and anxious mood, features of obsessive compulsive disorder," and has "difficulty concentrating, trouble sleeping, functioning in life is limited." (Unnumbered Exhibit Attached to Plaintiff's Opposition.) Mani does not, however, indicate the extent or effect of any of those limitations on Plaintiff's ability to respond to discovery requests or comply with the court's orders. Mani's letter, alone, is therefore insufficient to warrant an extension of time for Plaintiff to find counsel. Even were the court persuaded, however, that Plaintiff's condition makes it difficult for him to comply with the court's orders, dismissal would nonetheless be appropriate. First, Plaintiff's history of noncompliance with the court's orders dates back to when Plaintiff was still represented by counsel and there is no reason to believe that such

8

noncompliance resulted from Plaintiff's medical condition. Second, Plaintiff had ample opportunity over the ten months since his attorney withdrew to raise with Magistrate Judge Azrack his need for additional time to seek counsel and to bring to the court's attention the existence and nature of his medical condition. Plaintiff did neither. Indeed, Defendants' discovery requests included requests for medical authorizations to determine Plaintiff's medical condition and Plaintiff's attorney explicitly cited Plaintiff's failure to provide such authorizations as a reason for his request to withdraw as counsel. (See Document No. 107.) Plaintiff has therefore failed to demonstrate why dismissal would not be appropriate pursuant to Rule 41(b).

### III. CONCLUSION

For the reasons stated, Defendants' motion to dismiss [129] for failure to prosecute is GRANTED. Plaintiff's amended complaint, along with any other claims or cross-claims in this case, are hereby dismissed with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Judge Sandra L Townes

SANDRA L. TOWNES
United States District Judge

Dated: November 28, 2012
Brooklyn, New York